## ALLMAN vs. RIPLEY.

[PROCEEDINGS IN ADMIRALTY AGAINST STEAMBOAT.]

1. *Sufficiency of libel.*—A libel in admiralty, to enforce a statutory lien against a steamboat for services rendered, (Code, § 2692,) must specify the nature of the services, or the capacity in which they were rendered by the libellant, or otherwise show that they are within the terms of the statute.

APPEAL from the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THE appellee in this case filed a libel, on the 20th June, 1861, against the steamboat *P. C. Wallis*, alleging that, "at the instance of the master and his agents, within six months last past, and while the said steamboat was navigating the waters of this State, he performed services on said boat, to the amount of $83, an account of which is hereto attached; that the particulars of said account are more fully shown by the account herewith filed, amounting in the whole to said sum of $83, which was justly due on the first day of June, 1857 (?) and is still unpaid." The account attached to the libel contained only one item, which was, "To balance of bill rendered for services rendered on said boat, $83." J. W. Allman and others intervened as stipulators, and filed a plea, excepting to the libel on account of its insufficiency in law. There is no bill of exceptions in the record, nor does the record show the ruling of the court on the exceptions to the libel. The decree recites, that the libellant proved his claim, that the

claim was a proper lien on the boat, and that the libellant recover the amount from the stipulators. The errors assigned relate to the insufficiency of the libel.

GEO. N. STEWART, for appellants.

PER CURIAM.—It seems to us that the libel is fatally defective, in omitting to show that the libellant rendered the services, for which he sues, in some one of the capacities specified in the latter clause of section 2692 of the Code, or that the services were rendered for one of the objects specified in the former clause. We therefore think that the court erred in not holding the libel insufficient, and in proceeding to render judgment upon it.

Reversed and remanded.